# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| FRANKLIN LAMAR BACON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN, Wheeler Correctional ) <br> Facility, ) <br> ) <br> Respondent. ) | Case No. CV615-073 <br> CR609-023 |

## **REPORT AND RECOMMENDATION**

Franklin Lamar Bacon has filed a 28 U.S.C. § 2241 petition challenging the execution of his 2009 sentence. CR609-023, doc. 116 at 1, 4. This parallels his earlier-filed *"nunc pro tunc"* motion, doc. 109, which will also be reached here. Finally, Bacon moves for leave to proceed *in forma pauperis* (IFP) on his § 2241 motion. Doc. 2. Finding him indigent, the Court **GRANTS** IFP status. Doc. 2.

## I. BACKGROUND

Upon Bacon's guilty-plea conviction on drug charges, the district judge sentenced him to serve 37 months in federal custody. 609CR023, doc. 76; *see also* doc. 115 (sentence later reduced to 21 months). However, the judge specified that "[t]his term of imprisonment shall be

served *consecutively* to Bulloch County (Georgia) Superior Court, Docket Number 1B09CR268." Doc. 76 at 2. Bacon then filed a motion for "*Nunc Pro Tunc* Order," seeking to be transferred from state to federal custody so he could begin serving his federal sentence. Doc. 115. Construed liberally (he is proceeding *pro se*),[1] he wants his federal sentence modified to run concurrently with his state sentence, not consecutively. The Government opposes on various grounds, correctly noting that if he exhausted Bureau of Prison (BOP) administrative remedies he might qualify for a merits-review under 28 U.S.C. § 2241. Doc. 111 at 3-4; *see Dotson v. United States*, 2013 WL 1786568 at *4 (S.D. Ga. Mar. 7, 2013).

Bacon thus has also filed a § 2241 motion -- but *without* showing BOP exhaustion. Doc. 116. His sole claim for relief: "State and federal sentence does [sic] not run together[.] Want the Federal official to pick me up immediately to finish their requested sentence. *See* Att 1.1 Att 2.2 Att 3.3 Att 4.4" *Id.* at 8. Again, he in substance seeks to modify his

---

[1] "While their pleadings are to be liberally construed, *pro se* plaintiffs are not excused from complying with procedural rules." *McNeil v. United States*, 508 U.S. 106, 113 (1993), cited in *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 131 (11th Cir. 2012).

2

sentence service from consecutive to concurrent.

## II. ANALYSIS

The attached Georgia Department of Corrections print-out shows that Georgia retains custody of Bacon while he continues to serve his state criminal sentence. Hence, if he wants to shorten his state sentence (one way to achieve concurrency), he must pursue state habeas remedies, if not file a legally supported 28 U.S.C. § 2254 motion here. His *"nunc pro tunc motion"* in this closed federal criminal case will not suffice. Furthermore, he has no right to insist (in this case) on which of his sentences, state or federal, is served first. *See Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980) ("A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which is tried or punished for such offenses.").

Finally, to the extent that Bacon seeks a *federal* sentence reduction, this Court cannot grant it. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c)(2), under which the Court recently did reduce his sentence based

on a downward U.S. Sentencing Guideline range change, doc. 115. None of the statutory provisions apply to Bacon for the consecutive-to-concurrent relief he seeks: [2] The BOP has not moved for a reduction due to Bacon's age and circumstances, *see* 18 U.S.C. § 3582(c)(1)(A); the government has not filed a Fed. R. Crim. P. 35 motion, *see* § 3582(c)(1)(B); Bacon's advisory Guideline range has not additionally been further lowered by a retroactive amendment, *see id.* § 3582(c)(2), and the 14-day time limit for any correction of his sentence due to "arithmetical, technical or other clear error" has long passed. Rule 35(a).

## III. CONCLUSION

The Court **GRANTS** Franklin Lamar Bacon's IFP motion (doc. 117) but **DENIES** his *"nunc pro tunc"* motion. Doc. 109. His 28 U.S.C. §

---

[2] As *Phillips* explained:

> Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

597 F.3d at 1195.

2241 petition (doc. 116) should be **DENIED**.

**SO REPORTED AND RECOMMENDED,** this 6th day of April, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**